JOHN H. BARRETT, INC. *vs.* JOSEPH RUGO, INC. & another.[1] March 27, 1975. 1. As we read the master's subsidiary findings (see *Worm-stead* v. *Town Manager of Saugus,* 366 Mass. 659, 660-661 [1975]), the rain water leader was properly constructed by the plaintiff but subsequently became clogged without fault on the plaintiff's part. As the plaintiff was under no contractual obligation to repair the subsequent damage to its work, Rugo, by ordering the plaintiff to perform the necessary remedial work, became liable for the fair and reasonable value of that work when it was completed. Compare *McGovern* v. *Salem,* 214 Mass. 358, 362 (1913); *M. L. Shalloo, Inc.* v. *Ricciardi & Sons Constr. Inc.* 348 Mass. 682, 684-686 (1965). It mattered not that the master was unable to identify the person who had actually damaged the work. 2. The plaintiff's recovery on "Pool-Item 2" was justified on the ground that the plaintiff and Rugo composed their dispute as to the controlling contractual provisions by Rugo's agreeing to pay the plaintiff ("submit all invoices to this office") for the remedial work

---

[1] The Aetna Casualty & Surety Company.

which Rugo ordered the plaintiff to (and which it did) perform. Compare *McGovern* v. *Salem,* 214 Mass. 358, 362-363 (1913). See also *Metro Insulation Corp.* v. *Leventhal,* 1 Mass. App. Ct. 213, 218 (1973).

*Judgment affirmed.*

*Peter J. Gagne (Sally A. Corwin* with him) for the plaintiff.
*Philip M. Cronin,* for the defendant, submitted a brief.